**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ann Garcia,<br><br>              Plaintiff,<br><br>v.<br><br>Salvation Army,<br><br>              Defendant. | No.  CV-14-02225-PHX-DGC<br>       CV-15-01444-PHX SPL<br><br>**AMENDED ORDER** |

Plaintiff has filed a motion for leave to amend her complaint and Defendant asks the Court to transfer this case to Judge Logan and consolidate it with *Garcia v. Salvation Army*, 2:15-cv-01444-SPL (D. Ariz. Jul. 28, 2015). Doc. 46, 44. The motions are fully briefed, and no party has requested oral argument. The Court will deny the motion to amend, transfer Judge Logan's case to the undersigned, and consolidate the actions.

**I.    Background.**

Garcia was an employee of the Salvation Army for more than a decade. Doc. 58 at 8. In November 2013, she filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that certain actions taken by the Salvation Army related to her performance evaluation constituted discrimination based on religion and age, and retaliation in violation of Title VII of the Civil Rights Act of 1964. Doc. 44, at 12-13. In May 2014, the Salvation Army notified Garcia that her position had been eliminated. Doc. 58 at 8. Thereafter, in July 2015, the EEOC issued a Notice of Suit Rights with respect to Garcia's Charge. Doc. 1. at 4-5.

In October 2014, Garcia filed suit for religious discrimination, retaliation, hostile work environment, and retaliatory discharge. Doc. 1. On March 20, 2015, the Court entered a Case Management Order which established a May 19, 2015 deadline for amending pleadings. Doc. 29. The day before the deadlines, Garcia filed an amended complaint.[1] Doc. 31. On August 18, 2015, Garcia filed a motion for leave to amend her complaint to add a claim for constructive discharge. *See* Doc. 46.

Meanwhile, Garcia was also seeking relief against the Salvation Army on a theory of disability discrimination. In July 2014, shortly after her position was terminated, Garcia filed an EEOC Charge of Discrimination against the Salvation Army alleging disability discrimination in violation of the Americans with Disabilities Act ("ADA"). Doc. 44 at 15-16. The EEOC issued a Notice of Suit Rights with respect to this charge on April 29, 2015. *Id.* at 10. On July 28, 2015, Garcia filed a new lawsuit in this Court, alleging failure to accommodate and retaliation in violation of the ADA. *See Garcia v. Salvation Army*, 2:15-cv-01444-SPL (D. Ariz. Jul. 28, 2015).

**II.    Motion for Leave to Amend.**

Plaintiff filed her motion for leave to amend on August 18, 2015, more than 90 days after the deadline for amendment of pleadings established by the Court's Case Management Order. Doc. 29, ¶ 2. "[W]hen a party seeks to amend a pleading after the pretrial scheduling order's deadline for amending the pleadings has expired, the moving party must satisfy the 'good cause' standard of Federal Rule of Civil Procedure 16(b)(4)." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). The primary consideration under this good cause standard is whether the moving party acted with reasonable diligence. *Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). If the deadline could have been satisfied through reasonable diligence, good cause has not been shown. *See id.*

---

[1] Plaintiff did not seek leave to file the amended complaint as required by Rule 15(a)(2) of the Federal Rules of Civil Procedure, but the Court will overlook this error in light of Defendant's failure to object and Plaintiff's *pro se* status.

Plaintiff has not acted with reasonable diligence in raising her constructive discharge claim and has not identified any other good cause for modifying the scheduling order's deadline. Plaintiff asserts that her amendment is justified by "newly discovered evidence" (Doc. 58 at 2), namely, a May 27, 2014, letter from the Salvation Army to Plaintiff explaining the organization's decision to terminate her employment. But Plaintiff does not rely on this letter to support the constructive discharge claim she seeks to add to her complaint, and appears to have had access to the letter from the inception of this case. Therefore, the Court will deny Plaintiff's motion for leave to amend.

**III.  Motion to Consolidate.**

Rule 42(a) of the Federal Rules of Civil Procedure permits the Court to consolidate cases which, in the Court's judgment, involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). The Court has "broad discretion" under Rule 42(a) "to consolidate cases pending in the same district." *Inv'rs Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). In exercising this discretion, the Court "balance[s] the interest of judicial convenience against the potential for delay, confusion and prejudice that may result from such consolidation." *Sapiro v. Sunstone Hotel Inv'rs, L.L.C.*, No. CV-03-1555-PHX-SRB, 2006 WL 898155, at *1 (D. Ariz. Apr. 4, 2006) (citations omitted).

Upon consideration of these factors and independent review of the two complaints, the Court concludes that the cases should be consolidated. The cases raise common questions of fact related to a single course of events – Plaintiff's employment and subsequent termination by Defendant. Moreover, the cases can be consolidated without giving rise to delay, confusion, or prejudice.[2]

**IV.  Motion to Transfer.**

Rule 42.1(d) of the Local Rules of Civil Procedure provides that judges should consider four factors in determining whether to grant a motion to transfer. These factors

---

[2] Plaintiff indicates that she is "willing to consolidate both cases if Judge Campbell is assigned to both cases." Doc. 48 at 5.

include: "(1) whether substantive matters have been considered in a case; (2) which Judge has the most familiarity with the issues involved in the cases; (3) whether a case is reasonably viewed as the lead or principal case; or (4) any other factor serving the interest of judicial economy." LRCiv. 42.1(d). The cases should be assigned to this Court because the undersigned judge has developed familiarity with the issues involved in the cases and because case CV14-2225 PHX DGC is reasonably viewed as Plaintiff's lead or principal case.

**IT IS ORDERED:**

1. Plaintiff's motion to amend (Doc. 46) is **denied**.
2. Defendant's motion to transfer and consolidate (Doc. 44) is **granted**. Case No. CV15-01444-PHX-SPL will be transferred to the undersigned and consolidated with this case.
3. The parties shall, on or before **October 16, 2015**, submit a proposed revised case management order for the consolidated case.
4. The parties shall file all future pleadings in the lead case, CV14-2225 PHX DGC, **only.**

Dated this 25th day of September, 2015.

_____
David G. Campbell
United States District Judge