**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ann Garcia,<br><br>               Plaintiff,<br><br>v.<br><br>Salvation Army,<br><br>               Defendant. | No. CV-14-02225-PHX-DGC<br>     CV-15-01444-PHX SPL<br><br>**ORDER** |

      Pro se Plaintiff has filed a motion asking the Court to allow her "to retain" an attorney to assist with the discovery in this case. Doc. 66. Plaintiff does not need the Court's permission to retain an attorney. If she does retain an attorney to represent her in this case, the attorney must make a formal appearance and must comply with the litigation schedule established in the Court's orders.

      If Plaintiff is asking the Court to appoint counsel at the Court's expense, that request will be denied. There is no constitutional right to appointed counsel in a civil case. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir.1982). Nevertheless, a district court may appoint counsel in "exceptional circumstances." *See* 28 U.S.C. § 1915(e)(1); *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir.1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his or her claim pro se in light of the complexity of the legal issues involved. *Weygant v. Look*, 718 F.2d 952, 954 (9th Cir.1983)); *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir.1988).

1    Having considered both elements, it does not appear that exceptional circumstances are present that would require the appointment of counsel. Plaintiff does not attempt to show exceptional circumstances, and although she states that discovery is "getting complicated," Plaintiff is in no different position than many pro se litigants.

**IT IS ORDERED** that Plaintiff's motion for limited scope representation by attorney (Doc. 66) is **denied**.

Dated this 23rd day of October, 2015.

*David G. Campbell*
United States District Judge