**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ann Garcia,<br><br>             Plaintiff,<br><br>v.<br><br>Salvation Army,<br><br>             Defendant. | No. CV-14-02225-PHX-DGC<br><br>**ORDER** |

      This case consists of two consolidated actions. Case CV14-2225 was filed by Plaintiff Ann Garcia on October 7, 2014, and alleged discrimination and other wrongs in the termination of Plaintiff's employment. Plaintiff filed an amended complaint on January 6, 2015. Doc. 19. The Court entered a case management schedule on March 20, 2015, which afforded 60 days to amend pleadings. Doc. 29. Plaintiff filed a second amended complaint on May 18, 2015. Doc. 31. Plaintiff filed a motion to amend her complaint on August 18, 2015 – well after the Court's deadline – which the Court denied. Docs. 46, 61, 62. The Court found that Plaintiff had not shown "good cause" to extend the deadline as required by Rule 16(b)(4).

      The second cause of action, case CV15-0144, was filed before Judge Logan on July 28, 2015. It too concerned Plaintiff's termination, but asserted different legal claims. Plaintiff filed an amended complaint in that case on August 13, 2015. On September 25, 2015, the Court transferred case CV15-01444 to this Court and consolidated it with case CV14-2225.

Following consolidation, the Court held another case management conference to address the schedule in both cases. The Court noted during the conference that Plaintiff had multiple opportunities to amend her claims (three complaints in case CV14-2225 and two complaints in case CV15-1444) and that the Court would not permit further amendments. Plaintiff explained that she wished to add her husband as a plaintiff. The Court stated during the case management conference that it would allow an amendment to add Plaintiff's husband, but that the time for other amendments had passed. The Court reflected this conclusion in Case Management Order #2. Doc. 72, ¶ 2.

On December 2, 2015, Plaintiff's husband filed a pleading seeking leave to amend. Doc. 73. The next day, a similar pleading was filed, but apparently signed by Plaintiff. Doc. 76. Defendant moved to strike the motions to amend. Doc. 81. Plaintiff did not respond. Defendant filed a reply on January 26, 2016. Doc. 89. For several reasons, the Court will deny the motions to amend.

1. The motion filed by Plaintiff's husband (Doc. 73) is denied because Mr. Garcia is not a party to this litigation and cannot file such a motion.

2. Both motions are denied because they seek to do more than add Mr. Garcia as a plaintiff. As Defendant notes, they include additional allegations, including an apparent attempt to re-assert a failure to accommodate claim that was dropped from Plaintiff's pleadings in case CV15-1444. The Court granted leave to add Plaintiff's husband to this case, not to add new claims or allegations. The time for doing so has passed. Plaintiff has had ample opportunity to amend her claims in the five previous pleadings filed in these two consolidated cases.

3. The motions to do not comply with Local Rule of Civil Procedure 15.1(a). This omission is critical, because it is very difficult to determine precisely what is being added by the proposed amendment.

4. Mr. Garcia states that he does not seek any relief other than an apology. An apology, however, is not a form of relief the Court may grant. Thus, it appears that Mr. Garcia is not seeking relief within the jurisdiction of this Court.

5. Mr. Garcia seeks to join a claim for intentional infliction of emotional distress. To recover on such a claim in Arizona, a plaintiff must prove that (1) the defendant's conduct was extreme and outrageous, (2) the defendant either intended to cause emotional distress or recklessly disregarded the near certainty that distress would result from the conduct, (3) the conduct caused the plaintiff to suffer emotional distress, and (4) the emotional distress was severe. *See Lucchesi v. Stimmell*, 716 P.2d 1013, 1015-16 (Ariz. 1986); *Ford v. Revlon, Inc.*, 734 P.2d 580, 585 (Ariz. 1987). A plaintiff "may recover for intentional infliction of emotional distress only where the defendant's acts are 'so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Patton v. First Fed. Sav. & Loan Ass'n of Phx.*, 578 P.2d 152, 155 (Ariz. 1978) (quoting *Cluff v. Farmers Ins. Exch.*, 460 P.2d 666, 668 (Ariz. 1969)).

Mr. Garcia alleges that he attempted to communicate with Defendant regarding the stress his wife was experiencing at work. He alleges that Defendant promised him repeatedly that the matter would be resolved. When matters were not resolved and his wife ultimately was terminated, he suffered extreme emotional distress. These allegations do not set forth the kind of extreme and outrageous conduct required under Arizona law for intentional infliction of emotional distress. Mr. Garcia does not allege conduct by Defendant that goes beyond all possible bounds of decency so as to be regarded as atrocious and utterly intolerable in a civilized community. Thus, the Court concludes that Mr. Garcia's proposed amendment would be futile.

6. Plaintiff has not responded to Defendant's motion to strike or opposition to the proposed amendment. Under Local Rule 7.2(i), the Court may view this as consent to the positions taken by Defendant.

**IT IS ORDERED:**

1. The motions to amend (Doc. 73, 76) are **denied**. Further amendments will not be permitted. This case shall proceed on the basis of existing pleadings and the schedule set forth in Case Management Order #2 (Doc. 72).

2. Defendant's motion to strike (Doc. 81) is **denied** as unnecessary and therefore moot.

Dated this 2nd day of February, 2016.

_____
David G. Campbell
United States District Judge